UNIVERSAL UNDERWRITERS IN-
SURANCE COMPANY, a Kansas cor-
poration, Plaintiff-counter-defen-
dant-Appellee,

v.

M.F. SALTA CO., a California corpora-
tion; CTM LLC, a California limited
partnership; CLM LLC, a California
limited partnership; Crown Land
Company, a California general part-
nership; Michele F. Salta, a/k/a Mi-
chele F. "Mike" Salta, an individual,
Defendants-counter-claimants-Appel-
lants.

No. 04-56349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2006.

Filed Dec. 22, 2006.

Susan M. Walker, Esq., Sonnenschein,
Nath & Rosenthal, Los Angeles, CA, for
Plaintiff-counter-defendant-Appellee.

Michael J. Bidart, Esq., Ricardo Echev-
erria, Shernoff Bidart & Darras, LLP, Jef-
frey I. Ehrlich, Esq., The Ehrlich Law
Firm, Claremont, CA, for Defendants-
counter-claimants-Appellants.

Before: D.W. NELSON,
REINHARDT, and BYBEE, Circuit
Judges.

MEMORANDUM *

The facts are known to the parties, and
we repeat them here only as necessary.
We review a district court's grant of sum-
mary judgment de novo. *Buono v. Nor-
ton,* 371 F.3d 543, 545 (9th Cir.2004). We
must determine, viewing the evidence in

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36-3.

the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131–32 (9th Cir.2003).

Under California law, the insurer's duty to defend "entails the rendering of a service, viz., the mounting and funding of a defense in order to avoid or at least minimize liability." *Buss v. Superior Court*, 16 Cal.4th 35, 46, 65 Cal.Rptr.2d 366, 939 P.2d 766 (Cal.1997) (citations omitted). Where the insurer mounts a deficient defense or fails to accept a reasonable settlement offer, it may be held liable for any judgment in excess of the insured's coverage, but such damages arise only after the entry of an adverse judgment against the insured. *Safeco Ins. Co. of America v. Superior Court*, 71 Cal.App.4th 782, 788–89, 84 Cal. Rptr.2d 43 (Cal.Ct.App.1999). Mere dissatisfaction over the quality of the insurer's management of the case does not entitle the insured to settle the action on its own and without the insurer's consent in direct contravention of a no-action or no-voluntary-payments clause. *See id.* at 787, 84 Cal.Rptr.2d 43 (stating that "the insured is free to settle the lawsuit on his own" only in the event that "the insurer wrongfully *refuses* to defend" (emphasis added)). In fact, it appears to be a bright-line rule that the insurer must have completely abdicated its duty to defend before it will be held liable for such a settlement. *Id.* at 789–90, 84 Cal.Rptr.2d 43 (noting that insured may be free to settle if it is "abandoned" by the insurer, and describing abandonment as "the insurer's complete refusal to defend").

California courts have not clearly defined the scope of the insurer's duty to defend in cases where the insured opts to retain its own counsel and to seek reimbursement for fees and costs from the insurer, rather than giving the insurer free rein to mount a defense on its behalf. However, even interpreting the facts in the light most favorable to M.F. Salta Co. ("Salta"), it is clear that Universal Underwriters ("Universal") did not abandon Salta, as that term is defined by California courts. Salta's intention to retain its own counsel and defend itself in litigation is clear from the record, as is Universal's acquiescence in that decision. Moreover, Universal consistently acknowledged, promised to fulfill, and actually did fulfill its obligation to pay legal fees on Salta's behalf. Although Salta may have been dissatisfied with Universal's timeliness in reimbursing its legal expenses, any lack of timeliness did not affect counsel's willingness to proceed with the litigation and thus does not give rise to a colorable claim that it was *abandoned* by its insurer. Under California law, Salta should have proceeded to trial and then brought suit against Universal for recovery of any judgment amount in excess of its coverage resulting from Universal's allegedly deficient fulfillment of its duty to defend. Instead, Salta did precisely what, under California law, it is not permitted to do—namely, settle the case without even informing Universal of its intentions, much less obtaining Universal's consent.

Accordingly, the judgment of the district court is **AFFIRMED.**